**FILED**
CLERK, U.S. DISTRICT COURT
1/19/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___VAV___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 2:23-cr-00024-JLS |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| CHRISTOPHER KAZUO KAMON, | |
| Defendant. | |

The United States Attorney charges:

[18 U.S.C. § 1343]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1. Girardi Keese was a law firm located in Los Angeles, California, that primarily represented plaintiffs in personal injury cases. On or about December 18, 2020, after a series of civil lawsuits publicly alleged that Girardi Keese had misappropriated client funds, certain creditors of Girardi Keese commenced an involuntary petition for relief under chapter 7 of Title 11 of the United States Code against Girardi Keese. On or about January 13, 2021, the Bankruptcy Court entered an Order for Relief Under Chapter 7 and ordered the appointment of a Chapter 7 Trustee.

2. Defendant CHRISTOPHER KAZUO KAMON was a resident of Palos Verdes and Encino, California. From in or about 2004 until in or about December 2020, defendant KAMON was the Controller and Chief Financial Officer ("CFO") of Girardi Keese, from which position he oversaw the law firm's financial affairs, supervised its accounting department, and was in charge of paying the firm's expenses. As Girardi Keese's Controller and CFO, defendant KAMON had a duty to keep accurate books and records of the firm.

3. Defendant KAMON had signatory authority on several accounts maintained by Girardi Keese, including two operating accounts, namely, a Torrey Pines Bank account ending in 9821 ("Account 9821") and a Nano Banc account ending in 0096 ("Account 0096"). Defendant KAMON used Account 9821 and Account 0096 to pay Girardi Keese's operating expenses, such as payroll, rent, and other day-to-day costs.

4. I.B. owned and controlled a construction company ("Company 1"). I.B. maintained and was a signatory on a Nikkei Credit Union account ending in 3989 in the name of Company 1 (the "Company 1 Account").

B. THE FRAUDULENT SCHEME

5. Beginning at least as early as 2015 and continuing through at least in or about December 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant KAMON, together with others known and unknown to the United States Attorney, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud Girardi Keese as to material matters, and to obtain money and property from Girardi Keese by means

of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

6. The fraudulent scheme operated, in substance, as follows:

a. Defendant KAMON used his position as CFO of Girardi Keese to knowingly and intentionally embezzle funds in the custody and control of Girardi Keese and divert those misappropriated funds for his own personal enrichment and the enrichment of others.

b. Defendant KAMON recruited co-schemers, including I.B., to pose as "vendors" who were providing goods and services to Girardi Keese.

c. Defendant KAMON caused the supposed vendors to issue fraudulent invoices to Girardi Keese for goods and services that the vendors purportedly provided to Girardi Keese.

d. Defendant KAMON caused Girardi Keese to pay the amounts due on the fraudulent invoices to the vendors. Defendant KAMON maintained the pretense and represented to Girardi Keese that the payments were owed to the vendors by Girardi Keese because they were payments for work purportedly performed for the benefit of Girardi Keese. In fact, as defendant KAMON then knew, the payments defendant KAMON was causing Girardi Keese to make to these supposed vendors were not for goods or services provided to Girardi Keese but instead were for goods and services for the personal benefit of defendant KAMON, including for construction projects at defendant KAMON's personal residences in Palos Verdes and Encino, California.

e. Defendant KAMON also issued unauthorized checks on the Girardi Keese operating accounts, including Account 9821 and Account 0096, to (i) co-schemers whom defendant KAMON directed to kickback portions of the checks in cash to defendant KAMON, including at times

in structured amounts of under $10,000 in order to evade bank reporting requirements, and (ii) third parties to directly pay for defendant KAMON's personal expenses, including luxury shopping purchases, travel, and escort services.

   f. As further part of the scheme and in order to conceal his embezzlements from Girardi Keese, defendant KAMON maintained the pretense and falsely represented to Girardi Keese that the payments on the fraudulent invoices and to pay for his personal expenses were proper business expenditures by, for example, causing Girardi Keese to issue IRS Forms 1099 to the co-schemers and record the payments as "leasehold expenses" on the Girardi Keese general ledger.

 7. Between in or about January 2015 and in or about December 2020, through this scheme, defendant KAMON and his co-schemers fraudulently obtained over $10,000,000 in funds held in the custody of and belonging to Girardi Keese.

C. <u>USE OF THE WIRES</u>

 8. On or about September 20, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant KAMON, for the purpose of executing the above-described scheme to defraud, transmitted and caused the transmission of an item by means of wire communication in interstate commerce, namely, check #11625 in the amount of approximately $4,885.67 from Account 0096 to the Company 1 Account.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of defendant CHRISTOPHER KAZUO KAMON's conviction of the offense set forth in this Information.

2.  If defendant KAMON is so convicted, he shall forfeit to the United States of America the following:

    (a)  All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offense; and

    (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), defendant KAMON shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of defendant KAMON, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the

//
//

5

jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

SCOTT PAETTY
Assistant United States Attorney
Deputy Chief, Major Frauds Section

ALI MOGHADDAS
Assistant United States Attorney
Major Frauds Section

6