E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
ALI MOGHADDAS (Cal. Bar No. 305654)
Assistant United States Attorney
Corporate & Securities Fraud Strike Force
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6527/1786
     Facsimile: (213) 894-6269
     E-mail:    scott.paetty/ali.moghaddas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:23-CR-00024-JLS |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| CHRISTOPHER K. KAMON, | |
| Defendant. | **CURRENT TRIAL DATE:** 07/09/2024<br>**PROPOSED TRIAL DATE:** 10/22/2024<br>**PROPOSED STATUS CONF.:** 10/11/2024 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Scott Paetty and Ali Moghaddas, and defendant Christopher K. Kamon ("defendant"), both individually and by and through his counsel of record, Michael Severo, hereby stipulate as follows:

1. The Information in this case was filed on January 19, 2023. Defendant first appeared before a judicial officer of the court in

which the charges in this case were pending on December 19, 2022. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before March 30, 2023.

    2.   On January 24, 2023, the Court set a trial date of March 14, 2023 and a status conference date of March 3, 2023.  On March 1, 2023, at the parties' request, the Court vacated the status conference date.  (Dkt. 50.)

    3.   On September 27, 2023, defense counsel, Michael Severo, substituted in as counsel of record for defendant.  (Dkt. 56.)

    4.   Defendant is detained pending trial.  The parties estimate that the trial in this matter will last one to two weeks.

    5.   The Court has previously continued the trial date in this case from March 14, 2023 to July 9, 2024, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.  (Dkt. 61.)

    6.   By this stipulation, defendant moves to continue the trial date to October 22, 2024, and the status conference date to October 11, 2024.  This is the fourth request for a continuance.

    7.   Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

        a.   Defendant is charged with a violation of 18 U.S.C. § 1343:  wire fraud.  The government has produced discovery to the defense, which includes bank records, credit card statements, e-mail communications, witness interviews, investigative reports, and other internal communications.  Given the volume of discovery in both the instant case and defendant's companion case, CR 23-00047-JLS, defense counsel represents that more time is needed to prepare for trial.

2

b. Counsel for defendant is presently preparing for trial in the following cases: (i) People v. Hurtado, San Bernardino Superior Court, case number FMV23002123; allegations of possession for sale of a controlled substance; unlawful possession of ammunition; evading an officer and willful disregard; resisting an executive officer; 2-day hearing estimate; scheduled hearing date April 4, 2024; (ii) U.S. v. Martinez, case number 23-CR-97-RGA (D. Del.); allegations of possession of a controlled substance, and possession of a firearm in relation to drug trafficking; 6-day estimate; excludable time ends on April 8, 2024, per the Speedy Trial Act; (iii) People v. Diaz, L.A. Superior Court, case number PA099068; multiple allegations of grand theft, forgery, and unauthorized use of personal identifying information; 2-day preliminary hearing estimate; estimated hearing date late-April 2024; (iv) U.S. v. Colindres, et al., case number 23-CR-0086-BCB-SMB (D. Neb.); allegations of conspiracy to distribute and possession with intent to distribute a controlled substance and committing money laundering; 10-defendant case; 2-week estimate; excludable time runs on May 15, 2024, per the Speedy Trial Act; (v) U.S. v. Ortiz-Plata, et al., case number 22-CR-00250-TLN (E.D. Cal.); allegations of conspiracy to distribute and distribution of controlled substances; 2-defendant case; 1-week estimate; no trial date set. Excludable time ends on June 6, 2024, per the Speedy Trial Act; (vi) People v. Tornez, S.B. Superior Court, Rancho Cucamonga Courthouse, case number FSB19000747; allegations of assault with a deadly weapon, 10-day trial estimate; expected trial date mid-June 2024; and (vii) United States v. Granados, et al., case number 20-CR-00019-CJC; allegations of conspiracy to distribute and

1  distribution of controlled substances; 24-defendant case; 2-week
2  estimate; trial date July 23, 2024.
3        c.    Additionally, counsel for defendant also represents
4  that additional time is necessary to confer with defendant, conduct
5  and complete an independent investigation of the case, conduct and
6  complete additional legal research including for potential pre-trial
7  motions, review the discovery and potential evidence in the case, and
8  prepare for trial in the event that a pretrial resolution does not
9  occur. Defense counsel represents that failure to grant the
10 continuance would deny him reasonable time necessary for effective
11 preparation, taking into account the exercise of due diligence.
12       d.    Defendant believes that failure to grant the
13 continuance will deny him continuity of counsel and adequate
14 representation.
15       e.    Based on defendant's and counsel's agreement that they
16 will not seek a further continuance of the trial date, and that no
17 further continuances should be granted absent good cause and the
18 existence of new information not known as of the date of this
19 stipulation, the government does not object to the continuance.
20       f.    The requested continuance is not based on congestion
21 of the Court's calendar, lack of diligent preparation on the part of
22 the attorney for the government or the defense, or failure on the
23 part of the attorney for the government to obtain available
24 witnesses.
25    8.    For purposes of computing the date under the Speedy Trial
26 Act by which defendant's trial must commence, the parties agree that
27 the time period of July 9, 2024 to October 22, 2024, inclusive,
28 should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),

(h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

9.   In addition, the parties agree that the time period of December 23, 2022 to January 9, 2023, inclusive, should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(D), because it constitutes a delay resulting from a pretrial motion (Dkt. 15), from the filing of the motion through the prompt resolution of the motion (Dkt. 37).

//
//
//
//

10. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: March 20, 2024                    Respectfully submitted,

                                         E. MARTIN ESTRADA
                                         United States Attorney

                                         MACK E. JENKINS
                                         Assistant United States Attorney
                                         Chief, Criminal Division


                                               /s/
                                         _____
                                         SCOTT PAETTY
                                         ALI MOGHADDAS
                                         Assistant United States Attorneys

                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA

1    I am Christopher K. Kamon's attorney.  I have carefully
2 discussed every part of this stipulation and the continuance of the
3 trial date with my client.  I have fully informed my client of his
4 Speedy Trial rights.  To my knowledge, my client understands those
5 rights and agrees to waive them.  I believe that my client's decision
6 to give up the right to be brought to trial earlier than October 22,
7 2024 is an informed and voluntary one.

8 _____    3.21.2024
9 MICHAEL SEVERO                     Date
  Counsel for Defendant
10 CHRISTOPHER K. KAMON

12    I have read this stipulation and have carefully discussed it
13 with my attorney.  I understand my Speedy Trial rights.  I
14 voluntarily agree to the continuance of the trial date, and give up
15 my right to be brought to trial earlier than October 22, 2024.

16 _____    3/21/2024
17 CHRISTOPHER K. KAMON                Date
   Defendant

7